IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GEORGE C. SNYDER, | ) Case **19-20828-CMB** |
| | ) |
| Debtor. | ) RE:  Entries 47/48 |

### INTERESTED PARTY HOOD HOLDINGS' MOTION TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 USC 1307(c); AND RESPONSE IN OPPOSITION TO DISMISSAL OF BANKRUPTCY CASE

Interested Party Hood Holdings Inc. ("HHI"), by and through the undersigned counsel, responds in opposition to the dismissal of this bankruptcy case:

1. HHI advises the Court that it objects to any dismissal of this bankruptcy case.

2. The reasons for potential dismissal include that the debtor failed to make plan payments since June 16, 2009, and is in arrears.

3. In addition to this, it appears that the debtor failed to include various assets on his schedules.  For instance, a search of Allegheny County Court records indicates that the debtor, on behalf of himself, and as trustee for the so-called Snyder Family Trust, maintains a $50,000,000 judgment against his sons and daughters, and the judgment remains of record.  *Snyder as Trustee, and pro se, v. Snyder et al,* GD 05-2651 (Allegheny County C.C.P.).  Yet, this judgment was not listed on the schedules in this case as an asset.  Perhaps debtor is merely trustee of the Snyder Family Trust, but an explanation appears necessary.

4. HHI owns a property encumbered with two "ancient mortgages" purportedly in favor of the debtor.  Debtor conveyed one mortgage to his daughter, but the second mortgage remains in his favor.  Yet the debtor neither added the alleged mortgage to his schedules nor disavowed a financial interest in said mortgage.

5. Debtor maintains a history of filing bankruptcy cases as soon as he begins losing

cases in state courts.

6. For instance, in this case, Debtor filed this bankruptcy on the eve of a sheriff's sale foreclosing on a property owned not by him but by 98 Arlene Drive LLC. The sole purpose of this filing was to delay that sale.

7. Once the creditor received relief from the stay, debtor abandoned this case.

8. This is precisely how debtor abused bankruptcy cases years ago. In 98-27588 debtor filed a bankruptcy then never submitted schedules, against to avoid a foreclosure type case. In 03-31012, acting for Westmoreland Warehouse, debtor filed a *pro se* bankruptcy, but never submitted schedules.

9. Therefore, considering that dismissal without prejudice does not aid the interest of the assetholders or creditors, this Court should convert the case to one under Chapter 7.

10. 11 USC 1307(c) provides that, on motion of a party in interest, after notice and hearing, the Court may convert a case to one under Chapter 7, whichever is in the best interests of the creditors.

11. Reasons for conversion include unreasonable delay byt debtor, nonpayment of fees, failure to make timely payments, material default by debtor with respect to a term, among other things.

12. Many of these provisions apply to this debtor.

13. It is not in the best interests of the persons holding the debtor's alleged assets, or to the many creditors of the debtor, to be subjected to this type of abusive proceeding.

14. Debtor never intended to follow through with this Chapter 13 program.

15. Dismissal without prejudice will only benefit the debtor and allow him to abuse proceedings in the future.

16. Conversion to Chapter 7, on the other hand, will allow the exploration of the debtor's assets and permit the creditors and asset holders to have a final outcome, whether

that outcome is discharge, non-discharge, or a monetary payment.

17. Some finality with this estate appears necessary rather than just allowing the debtor to have the door open to abuse these proceedings again in the future.

WHEREFORE, Interested Party Hood Holdings respectfully demands that this Court convert this case to one under Chapter 7.

Respectfully submitted,

*/s/  J. Allen Roth, Esq.*
J. Allen Roth, Esq.
757 Lloyd Avenue
Latrobe, PA  15650
(724) 537-0939

ATTORNEY FOR HOOD HOLDINGS INC.